UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMERICOM AUTOMATION
SERVICES, INC.,

          Plaintiff,

v.                               No. 2:13-cv-00470-MCA-CG

METROPOLITAN ELECTRICAL
CONSTRUCTION, INC.,

          Defendant.

**OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY IN
OPPOSITION TO MOTION TO TRANSFER VENUE**

Defendant Metropolitan Electrical Construction, Inc. ("Metropolitan") herein opposes Plaintiff AmeriCom Automation Services, Inc.'s ("AmeriCom") Motion for Leave to File Surreply in Opposition to Motion to Transfer Venue [Doc. No. 30].

**A.    Metropolitan's Reply Brief Provides Neither New Evidence Nor New Legal Arguments so as to Support AmeriCom's Application for Leave to File a Surreply**

Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).[1] "Material," for purposes of this framework, includes both new evidence and new legal arguments. *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003).

    **1.    Metropolitan's Discussion of the Standard Applicable to the Forum Selection Clause is Not a New Legal Argument.**

Metropolitan has contended from the outset that the proper legal standard applicable to a motion to transfer venue is set forth in section 1404(a) and *Stewart Org., Inc. v. Ricoh Corp.*, 487

---

[1] If the district court does not rely on the new material in reaching its decision, however, "it does not abuse its discretion by precluding a surreply." *Id.* at 1164-65.

U.S. 22, 29 (1988). [Doc. 23, p. 10.] In its opposition, AmeriCom states that the standard expressed in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) is the proper standard for weighing a forum selection clause in this motion to transfer venue. [Doc. 26, pp. 1, 14.] Metropolitan's reply merely responds to AmeriCom opposition brief by stating:

1. In *Stewart,* the Supreme Court clearly articulated that section 1404(a) provided the proper standard for motions to transfer venue. 486 U.S. at 29-30;

2. The Supreme Court in *Stewart* rejected the *Bremen* standard and held that the standard articulated in *Bremen* was federal common law developed under admiralty jurisdiction and not "freely transferable to a diversity setting." *Id.*;

3. That *Bremen* dealt with a motion to dismiss under section 1406(a) based on a mandatory forum selection clause that mandated venue in a different forum, rather than a motion to transfer venue under section 1404(a). *See id.;* and

4. That *Bremen* addressed a mandatory forum selection clause that granted exclusive venue rather than a mere permissive consent to venue that is present in this action.

Accordingly, the discussion in Metropolitan's reply did not raise a new legal argument, it merely restated the prior argument set for in Metropolitan's original memorandum in support of the motion to transfer venue that the applicable legal standard for the instant motion to transfer venue is governed by section 1404(a) and *Stewart*.

2.   **Metropolitan's Contention that the Permissive Venue Clause Should be Given Little Weight is Not a New Legal Argument.**

Again, from the outset, Metropolitan has argued that the permissive venue clause contained in the parties' contract should be given less weight than a mandatory forum selection clause. [Doc 23, p. 23.] AmeriCom never directly challenges this argument with citation to legal authority, instead AmeriCom argues: (1) that Metropolitan's opening memorandum fails to cite to legal authority for this legal argument; and (2) that *Bremen* controls the court's interpretation of forum selection clauses.

Metropolitan's reply brief merely adds legal citations supporting its earlier legal argument regarding the little weight that should be afforded a permissive venue clause. [Doc. 23, p. 23.] The court in each case cited by Metropolitan determined that the permissive venue clause should be given lesser weight than a mandatory forum selection clause. In that regard, excerpts from the cases cited by Metropolitan pertaining to the weight given to a permissive venue clause in the transfer analysis are set forth herein:

- "Where the forum selection clause is permissive, however, rather than mandatory, it is not a significant factor weighing in favor of the selected forum." *Strategic Ambulance, Inc. v. Martinez*, 2006 WL 462430, at *2 (S.D. Ohio 2006);

- As noted previously, that clause is permissive rather than mandatory. As such, the forum selection clause is not a determinative factor and at best indicates the parties at one time agreed Catoosa County, Georgia might have been an ideal location to litigation any disputes between them." *Warner v. Fuller Rehabilitation & Consulting Servs., Inc.*, 2005 WL 1490071 at *4 (E.D.Tenn. 2005); and

- A permissive forum selection clause authorizes jurisdiction in the chosen forum, but does not prohibit litigation elsewhere. Therefore, although venue would have been appropriate in New York, the forum selection clause does not require this Court to transfer the case to New York."[2]

---

[2] Based in part on this analysis, the court in *Grencorp* denied the motion to transfer venue to the court designated in the permissive venue clause. *See id.*

3

*Grencorp Fin. Ltd Partnership v. GMAC Commercial Mortgage Corp.*, 2005 WL 762608 at *4 (D.C. Tex. 2005).

AmeriCom's proposed surreply contends that the above legal authorities do not support the argument made by Metropolitan, that the permissive venue clause should be afforded little weight, based on the procedural posture of each case, namely, that the cited cases involved situations wherein the party seeking to transfer venue attempted to use the permissive venue clause as a basis for transfer, and not as a basis for the court to retain jurisdiction.

Put simply, AmeriCom is wrong. In *Strategic Ambulance*, the defendant sought to transfer venue under section 1404(a) from the Southern District of Ohio to the Southern District of Texas. The permissive venue clause authorized an Ohio court to exercise jurisdiction, but did not provide for exclusive jurisdiction for disputes between the parties. 2006 WL 462430, at *1. Thus, it was in the context of a motion to transfer the case <u>away</u> from the forum stated in the permissive venue clause, Ohio, to Texas that the court made the determination that the "forum selection clause, which is permissive in this case, is not a significant factor." *Id.* at *2.

Moreover, AmeriCom offers no legal authority to support its contention that the procedural posture of a case (a motion to transfer away from the forum designated in a venue clause versus a motion to move to the forum designated in a venue clause) plays any role in the court's determination as to the weight to afford a permissive forum selection clause. In fact, as the cases cited by Metropolitan reflect, the courts afford little weight to permissive venue clauses in both contexts.

B. <u>Conclusion</u>

Based on the foregoing, Metropolitan Electrical Construction, Inc. opposes AmeriCom Automation Services, Inc.'s Motion for Leave to File a Surreply as Metropolitan Electrical

4

Construction, Inc.'s Reply does not raise new legal arguments that were not previously discussed in its original memorandum of points and authorities in support of the Motion to Transfer Venue.

Respectfully submitted,

Calvert Menicucci, P.C.

Sean R. Calvert
8900 Washington St., NE, Suite A
Albuquerque, New Mexico 87113
(505) 247-9100
scalvert@hardhatlaw.net

AND

Roger F. Liu
Leonidou & Rosin, P.C.
777 Cuesta Drive, Suite 200
Mountain View, CA 94040
(650) 691-2888
rliu@alr-law.com

Counsel for Metropolitan Electrical Construction, Inc.

I hereby certify that the foregoing
pleading was electronically filed
on November 20, 2013 with the Court
using the CM/ECF system, which will
send notification of such filing to the
following email addresses:

raul@carrillolaw.org
karen@carrillolaw.org

Sean R. Calvert